IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

OSCAR OROPEZA,

    Petitioner,

v.                                                                                          No. 24-cv-419 DHU/DLM

3RD JUDICIAL DISTRICT COURT, *et al.*

    Respondents.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Petitioner Oscar Oropeza's 28 U.S.C. § 2254 Habeas Petition (Doc. 1) (Petition). Petitioner challenges his 2017 state conviction for robbery. Petitioner has also filed a Motion to Proceed in Forma Pauperis (Doc. 2) (IFP Motion). Having reviewed the matter *sua sponte* under Habeas Corpus Rule 4, the Court will deny the IFP Motion and require Petitioner to show cause why his Petition should not be dismissed as untimely.

## BACKGROUND

On May 3, 2017, Petitioner was found guilty by a jury of one count of robbery. *See* Judgment, Order and Commitment to the Corrections Department, filed in Case No. D-307-CR-2014-1057.[1] The state court sentenced him to a term of three (3) years imprisonment, followed by two (2) years parole, to be served concurrently with the sentence imposed in Case No. D-307-

---

[1] To better interpret the citations in the Petition, the Court took judicial notice of Petitioner's state court criminal dockets, Case Nos. D-307-CR-2014-1057, A-1-CA-36505, S-1-SC-37148, and S-1-SC-40261. *See United States v. Smalls*, 605 F.3d 765, 768 n. 2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court).

CR-2012-0287.[2]  *Id.*   The state court entered judgment on the conviction and sentence on May 9, 2017.  *See id.*   Petitioner filed a direct appeal, and the New Mexico Court of Appeals (NMCA) affirmed his conviction on June 20, 2018.  *See* Memorandum Opinion, filed in Case No. A-1-CA-36505.  The New Mexico Supreme Court (NMSC) denied certiorari relief on August 14, 2018.  *See* Order Denying Cert. Pet., filed in Case No. S-1-SC-37148.   The state dockets reflect Petitioner did not seek further review with the United States Supreme Court (USSC).   His conviction therefore became final, at the latest, on November 14, 2018, *i.e.,* the first business day after expiration of the 90-day federal certiorari period.   *See Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999) (where petitioner declines to seek federal certiorari review on direct appeal, the conviction becomes final after the 90-day USSC certiorari period has passed); *see also* Fed. R. Civ. P. 6(a) (applying Rule 6(a) to "any statute that does not specify a method of computing time" and noting that when the last day of a period falls on a holiday, the period expires at the end of the next business day), and Habeas Corpus Rule 12 (the Federal Rules of Civil Procedure may be applied to habeas proceedings, to the extent they do not conflict with the habeas rules.

There was no further activity by Petitioner in the state criminal case until December 17, 2020, when he filed a Motion Requesting Discovery.  *See* Motion filed in Case No. D-307-CR-2014-1057.   He filed two more motions for discovery or production of evidence, on January 27, 2022, and March 3, 2022.  *See id.*   On November 7, 2023 and November 22, 2023, Petitioner filed his first state habeas petitions.  *See* Petitions for Writ of Habeas Corpus, filed in Case No. D-307-CR-2014-1057.   The state trial court issued an order dismissing both habeas petitions on

---

[2] Petitioner filed a separate § 2254 petition in this Court relating to his convictions in Case No. D-307-CR-2012-0287.   *See Oropeza v. State of New Mexico*, 2:20-cv-1235 KWR/KK.   Because the § 2254 petition filed in 2:20-cv-1235 challenges a different state criminal case, the Court does not consider the instant § 2254 Petition to be a second or successive application.

January 8, 2024. *See* Order Summarily Dismissing Petitions for Writ of Habeas Corpus, filed in Case No. D-307-CR-2014-1057. Petitioner sought state certiorari review of the state court's Order, and the NMSC denied the petition for certiorari on April 4, 2024. *See* Order Denying Petition in Case No. S-1-SC-40261. Petitioner filed a third state habeas petition on February 27, 2025, which the state trial court dismissed on April 23, 2025. *See* Petition for Writ of Habeas Corpus, and Order Summarily Dismissing Petition filed in Case No. D-307-CR-2014-1057.

Petitioner filed the federal § 2254 Petition on May 1, 2024. He challenges the dismissal of his first and second habeas petitions by the state trial court and NMSC. *See* (Doc. 1) at 1-9. The Court will conduct an initial review of the Petition pursuant to Habeas Corpus Rule 4.

## **DISCUSSION**

Habeas Corpus Rule 4 requires a *sua sponte* review of § 2254 claims. "If it plainly appears from the petition and any attached exhibits that the moving party is not entitled to relief in the district court, the judge must dismiss the petition." Habeas Corpus Rule 4(b). "If the petition is not dismissed, the judge must order the [Attorney General] to file an answer …." *Id.* As part of the initial review process, "district courts are permitted ... to consider, *sua sponte*, the timeliness of a … habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006).

Petitions for a writ of habeas corpus by a person in state custody must generally be filed within one year after the judgment becomes final. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." *Locke v. Saffle*, 237 F.3d 1269, 1272 (10th Cir. 2001). The one-year limitation period can be extended:

(1)   While a state post-conviction motion is pending, § 2244(d)(2);

(2)     Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3)     Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4)     Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(D).

Equitable tolling may also available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control."  *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

As noted above, the limitation period began to run no later than November 14, 2018, when the direct appeal period expired in connection with the Judgment.  *See Locke*, 237 F.3d at 1271-1273.  There was no discernable tolling activity during the next year, and the one-year period expired on November 14, 2019.   Any state habeas petitions filed after that date did not restart the clock or otherwise impact the expired limitations period.  *See Gunderson v. Abbott*, 172 F. App'x 806, 809 (10th Cir. 2006) ("A state court [habeas] filing submitted after the ... [one-year] deadline does not toll the limitations period."); *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) (Section § 2254 "petitions cannot be tolled for time spent in state post-conviction proceedings because [petitioner's state] applications for post-conviction relief were not filed until after ... the end of the limitations period").[3]  Accordingly, Petitioner must show cause why the Petition filed May 1, 2024 is not time-barred.

---

[3] The Supreme Court has created one exception to this general rule.  *Jimenez v. Quarterman* holds a state habeas order granting an out of time appeal can "reset AEDPA's 1-year limitations period," since it effectively "restore[s] the pendency of the direct appeal."  555 U.S. 113, 120–21 (2009).  The *Jimenez* exception is inapplicable here because Petitioner did not obtain state habeas relief, and his direct appeal period was not reopened.

The Court also considers Petitioner's Motion to Proceed in Forma Pauperis. (Doc. 2). The Court may only grant such relief where an inmate's "affidavit [and] … statement of … assets [demonstrates] that the [inmate] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Petitioner's IFP Motion and affidavit reflect that he earns $40.00 per month. *See* (Doc. 2) at 1-2. The Court concludes he can afford to prepay the $5.00 habeas filing fee and must therefore deny the IFP Motion. Petitioner shall pay the $5.00 habeas filing fee within thirty (30) days of entry of this order. The failure to timely comply with <u>both</u> directives, *i.e.*, respond and overcome the time-bar <u>and</u> pay the filing fee, may result in dismissal of the Petition without further notice.

**IT IS ORDERED** that Petitioner's Motion to Proceed in Forma Pauperis (**Doc. 2**) is **DENIED** and within thirty (30) days from entry of this Order, Petitioner shall submit the $5.00 habeas filing fee.

**IT IS FURTHER ORDERED** that within thirty (30) days of entry of this Order, Petitioner must file a response showing cause, if any, why his § 2254 Petition should not be dismissed as untimely.

_____
UNITED STATES DISTRICT JUDGE