IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

OSCAR OROPEZA,

    Petitioner,

v.                                                                                                  No. 2:24-cv-419 DHU/DLM

3RD JUDICIAL DISTRICT COURT, *et al.*,

    Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Oscar Oropeza's Habeas Petition Under 28 U.S.C. § 2254. (Doc. 1) (Petition). Petitioner brings claims relating to his 2017 state conviction for robbery. The Court previously directed him to show cause why his Section 2254 Petition should not be dismissed as time-barred. (Doc. 3). Having reviewed the Response (Doc. 7) and applicable law, the Court concludes the Petition is time-barred. The Court will dismiss the Petition pursuant to Habeas Corpus Rule 4.

**I.      BACKGROUND**

On May 3, 2017, Petitioner was found guilty by a jury of one count of robbery. *See* Judgment, Order and Commitment to the Corrections Department, filed in Case No. D-307-CR-2014-1057.[1] The state court sentenced him to a term of three (3) years imprisonment, followed by two (2) years parole, to be served concurrently with the eighteen (18) year sentence imposed in

---

[1] To better interpret the citations in the Petition, the Court took judicial notice of Petitioner's state court criminal dockets, Case Nos. D-307-CR-2014-1057, A-1-CA-36505, S-1-SC-37148, and S-1-SC-40261. *See United States v. Smalls*, 605 F.3d 765, 768 n. 2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court).

Case No. D-307-CR-2012-0287.[2]  *Id.*  The state court entered judgment on the conviction and sentence on May 9, 2017.  *See id.*  Petitioner filed a direct appeal, and the New Mexico Court of Appeals (NMCA) affirmed his conviction on June 20, 2018.  *See* Memorandum Opinion, filed in Case No. A-1-CA-36505.  The New Mexico Supreme Court ("NMSC") denied certiorari relief on August 14, 2018.  *See* Order Denying Cert. Pet., filed in Case No. S-1-SC-37148.  The state dockets reflect Petitioner did not seek further review with the United States Supreme Court (USSC).  His conviction therefore became final, at the latest, on November 14, 2018, *i.e.*, the first business day after expiration of the 90-day federal certiorari period.  *See Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999) (where petitioner declines to seek federal certiorari review on direct appeal, the conviction becomes final after the 90-day USSC certiorari period has passed); *see also* Fed. R. Civ. P. 6(a) (applying Rule 6(a) to "any statute that does not specify a method of computing time" and noting that when the last day of a period falls on a holiday, the period expires at the end of the next business day), and Habeas Corpus Rule 12 (the Federal Rules of Civil Procedure may be applied to habeas proceedings, to the extent they do not conflict with the habeas rules).

There was no further activity by Petitioner in the state criminal case until December 17, 2020, when he filed a Motion Requesting Discovery.  *See* Motion filed in Case No. D-307-CR-2014-1057.  He filed two more motions for discovery or production of evidence, on January 27, 2022, and March 3, 2022.  *See id.*  On November 7, 2023 and November 22, 2023, Petitioner filed his first state habeas petitions.  *See* Petitions for Writ of Habeas Corpus, filed in Case No.

---

[2] Petitioner filed a separate § 2254 petition in this Court relating to his convictions in Case No. D-307-CR-2012-0287.  *See Oropeza v. State of New Mexico*, 2:20-cv-1235 KWR/KK.  Because the § 2254 petition filed in 2:20-cv-1235 challenges a different state criminal case, the Court does not consider the instant § 2254 Petition to be a second or successive application.

D-307-CR-2014-1057. The state trial court issued an order dismissing both habeas petitions on January 8, 2024. *See* Order Summarily Dismissing Petitions for Writ of Habeas Corpus, filed in Case No. D-307-CR-2014-1057. Petitioner sought state certiorari review of the state court's Order, and the NMSC denied the petition for certiorari on April 4, 2024. *See* Order Denying Petition in Case No. S-1-SC-40261. Petitioner filed a third state habeas petition on February 27, 2025, which the state trial court dismissed on April 23, 2025. *See* Petition for Writ of Habeas Corpus, and Order Summarily Dismissing Petition filed in Case No. D-307-CR-2014-1057.

Petitioner filed the federal § 2254 Petition on May 1, 2024. He challenges the dismissal of his first and second habeas petitions by the state trial court and NMSC. *See* (Doc. 1) at 1-9. By an Order entered June 13, 2025, the Court screened the Petition under Habeas Corpus Rule 4 and determined that, absent grounds for tolling, the habeas one-year limitations period expired on November 14, 2019, and the § 2254 Petition was untimely. (Doc. 3). The Court explained that Petitioner's state habeas petitions did not restart the clock or otherwise impact the expired limitations period. *See Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001). Accordingly, the Court ordered Petitioner to show cause why the § 2254 Petition should not be dismissed as untimely. (Doc. 3) at 4-5. Petitioner timely filed his response to the show-cause Order on July 9, 2025. (Doc. 7) ("Response").

II.   **DISCUSSION**

Habeas Corpus Rule 4 requires a *sua sponte* review of § 2254 petitions. "If it plainly appears from the petition and any attached exhibits that the moving party is not entitled to relief in the district court, the judge must dismiss the petition." Habeas Corpus Rule 4(b). "If the petition is not dismissed, the judge must order the [Attorney General] to file an answer." *Id.* As part of

the initial review process, "district courts are permitted ... to consider, *sua sponte*, the timeliness of a ... habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006).

Section 2254 petitions must generally be filed within one year after the criminal judgment becomes final. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final "by the conclusion of direct review [*i.e.*, direct appeal] or the expiration of the time for seeking such review." *Locke v. Saffle*, 237 F.3d 1269, 1272 (10th Cir. 2001) (quotation omitted). The one-year limitations period can be extended:

(1) While a state habeas petition is pending, § 2244(d)(2);

(2) Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3) Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4) Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(D).

Because the limitations period is not jurisdictional, it can also be extended through equitable tolling. *See Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

As noted above, Petitioner's conviction became final and the one-year statute of limitations began to run on November 14, 2018, the first business day after expiration of the deadline to file a petition for a writ of certiorari in the United States Supreme Court. *See Rhine*, 182 F.3d at 1155 (where petitioner declines to seek federal certiorari review on direct appeal, the conviction becomes final after the 90-day USSC certiorari period has passed). There was no tolling activity in the year that followed, so the one-year limitation period for filing a § 2254 habeas petition

expired on November 14, 2019. *See* 28 U.S.C. § 2244(d)(1). Petitioner's state habeas petitions, filed on November 7, 2023, November 22, 2023, and February 27, 2025, did not restart the clock or otherwise impact the expired limitations period. *See Gunderson v. Abbot*, 172 Fed. App'x 806, 809 (10th Cir. 2006) ("A state court [habeas] filing submitted after the … [one-year] deadline does not toll the limitations period."); *Fisher*, 262 F.3d at 1142-43 (same). Accordingly, absent tolling, the one-year limitations period expired on November 14, 2019, and any § 2254 claims filed after that date are time-barred.

      The Court explained the above principles in its Order to Show Cause, which set out the state court filing timeline along with the legal standards for statutory and equitable tolling. (Doc. 3). Petitioner does not contest the above timeline of state court filings. The Court discerns that the Response, construed liberally, seeks tolling because the state court erred in dismissing Petitioner's state habeas petitions. The state court dismissed the state habeas petitions because Petitioner had completed serving his sentence in Case No. D-307-CR-2014-1057, so all issues raised in the habeas petitions were moot. *See* Order Summarily Dismissing Petitions for Writ of *Habeas Corpus*, filed January 8, 2024 in Case No. D-307-CR-2014-1057. Petitioner argues he was impeded from pursuing his state habeas petitions earlier because he did not receive timely notice about his "projected release date" in his six-month reviews and New Mexico Corrections Department ("NMCD") quarterly good time sheets. (Doc. 7) at 3. He contends that this lack of notice about his transition from incarceration to parole for his conviction "actually prevented the Petitioner from preparing or filing a timely petition." *Id.* at 4. He further argues that he was not provided a parole hearing or notice of parole obligations and, therefore, was unable to calculate his deadline to submit a state habeas petition. *Id.* at 5.

5

### A. Equitable Tolling

Equitable tolling is "a rare remedy to be applied in unusual circumstances." *Al-Yousif v. Trani*, 779 F.3d 1173, 1179 (10th Cir. 2015). The doctrine only applies if some extraordinary circumstance outside of the petitioner's control prevented him from timely filing. *See Lawrence v. Florida*, 549 U.S. 327 (2007); *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 756 (2016). "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances." *Yang v. Archuleta,* 525 F.3d 925, 928 (10th Cir. 2008). He must also separately describe "the steps he took to diligently pursue his federal claims while those circumstances existed." *Pena-Gonzales v. State*, 2022 WL 214747, at *1 (10th Cir. Jan. 25, 2022) (noting that *Yang* requires both "extraordinary circumstances *and* due diligence") (emphasis in original). *See also Miller v. Marr,* 141 F.3d 976, 978 (10th Cir. 1998) (equitable tolling requires "specificity regarding the alleged lack of access and the steps [petitioner] took to diligently pursue his federal" petition).

**1. First Element of Equitable Tolling: Extraordinary Circumstances**

In his show-cause Response, Petitioner states he was prevented from filing his state habeas petitions earlier because he did not receive timely notice about his "projected release date" in his "six-months reviews" and NMCD "quarterly good time sheets." (Doc. 7) at 3. The state district court dismissed Petitioner's state habeas petitions because Petitioner had completed serving his sentence in Case No. D-307-CR-2014-1057, so all issues raised in the habeas petitions were moot. *See* Order Summarily Dismissing Petitions for Writ of *Habeas Corpus*, filed January 8, 2024 in Case No. D-307-CR-2014-1057. Petitioner contends this decision was in error because Petitioner was not properly notified about the date of his transition from incarceration to parole, and this lack

of notice "prevented the Petitioner from preparing or filing a timely petition." (Doc. 7) at 4. He further argues that he was not provided a parole hearing or notice of parole obligations and, therefore, was unable to calculate his deadline to submit a state habeas petition. *Id.* at 5.

In his first two state habeas petitions, Petitioner challenged his 2017 conviction for robbery on the basis of judicial and prosecutorial misconduct, violation of his 6th and 14th Amendment rights, and insufficient evidence. *See* Petition for Writ of Habeas Corpus, filed November 7, 2023 in Case No. D-307-CR-2014-1057. Petitioner does not explain how information about his release date or transition from incarceration to parole was necessary to bring those claims. Indeed, the claims raised in the state habeas petitions involve Petitioner's trial, and Petitioner does not allege he was unaware of the information needed to bring the claims prior to the one-year § 2254 deadline. "Any confusion or misunderstanding on [Petitioner's] part" is "insufficient to invoke equitable tolling because ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Ramirez v. Allbaugh*, 771 Fed. App'x 458, 462 (10th Cir. 2019); *Marsh*, 223 F.3d at 1229 ("It is well established that ignorance of the law . . . does not excuse prompt filing."). Petitioner does not demonstrate that extraordinary circumstances prevented him from timely filing a § 2254 petition during the one-year period, *i.e.*, between November 14, 2018 and November 14, 2019, at the latest. Petitioner therefore does not meet the first element of the equitable tolling test. *See, e.g., Trimble v. Hansen*, 764 Fed. App'x 721, 724 (10th Cir. 2019) ("[A]ny invocation of equity to relieve the strict application of [the habeas] statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.").

### 2. Second Element of Equitable Tolling: Due Diligence

Alternatively, even if Petitioner could establish extraordinary circumstances, the Response does not show due diligence. *See Pena-Gonzales*, 2022 WL 214747, at *1 (A habeas petitioner must show both extraordinary circumstances and that the petitioner "diligently pursue[d] his federal claims while those circumstances existed."). To show "due diligence" in the habeas context, a petitioner must allege specific facts about the steps that he took to pursue his claim. *See Miller*, 141 F.3d at 978 (addressing due diligence under the equitable tolling standard and noting the inmate must provide "specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal" petition). Petitioner's Response to the show-cause Order does not describe what particular steps (if any) he took to pursue his § 2254 claims during the pendency of the one-year limitation period. *See Gordon v. Crow,* 2023 WL 3065542, at *2 (10th Cir. 2023) ("[W]hat a petitioner did both before and after the extraordinary circumstances that prevented him from timely filing may indicate whether he was diligent overall."). Petitioner therefore fails to satisfy either prong of the equitable tolling test.

### B. Statutory Tolling

Statutory tolling occurs: (i) while a state habeas petition is pending; (ii) where unconstitutional state action has impeded the filing of federal habeas petition; (iii) where the Supreme Court has recognized a new constitutional right that affects the petitioner's claim; or (iv) where the factual basis for the petitioner's claims could not have been discovered until after the limitations period had expired. *See* 28 U.S.C. § 2244(d)(1)-(2). The Court does not see a new constitutional right that the Supreme Court has identified that affects Petitioner's claims, nor does Petitioner identify new facts that have come to light regarding his conviction. The Court's

analysis will therefore hinge on whether Petitioner's state habeas petitions were tolled appropriately and whether unconstitutional state action impeded Petitioner's ability to file a federal habeas petition. *See* 28 U.S.C. § 2244(d)(1).

As stated above, the Petitioner's conviction became final on November 14, 2018, and the one-year limitation period expired on November 14, 2019. There was no further activity by Petitioner in the state criminal case until December 17, 2020, when he filed a Motion Requesting Discovery. *See* Motion filed in Case No. D-307-CR-2014-1057. He filed two more motions for discovery or production of evidence, on January 27, 2022, and March 3, 2022. *See id.* On November 7, 2023 and November 22, 2023, Petitioner filed his first state habeas petitions. *See* Petitions for Writ of Habeas Corpus, filed in Case No. D-307-CR-2014-1057.

The Tenth Circuit has held that state habeas proceedings or other tolling motions filed after the expiration of the one-year period cannot restart the clock or otherwise impact the expired limitations period. *See Gunderson*, 172 Fed. App'x at 809 ("A state court [habeas] filing submitted after the … [one-year] deadline does not toll the limitations period."); *Fisher*, 262 F.3d at 1142-43 ("[P]etitions cannot be tolled for time spent in state post-conviction proceedings because [petitioner's state] applications for post-conviction relief were not filed until after … the end of the limitations period."); *see also Smith v. McGinnis*, 208 F.3d 13, 17 (2nd Cir. 2000) (holding that the statute of limitations period is not reset when a state petition is denied); *Rashid v. Khulman*, 991 F. Supp 254, 259 (S.D.N.Y. 1998) ("The tolling provision does not, however, 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.").

The Supreme Court has created one exception to this rule. In *Jimenez v. Quarterman*, 555 U.S. 113, 120-21 (2009), the Supreme Court held that a state habeas order granting an out-of-time appeal can "reset AEDPA's 1-year limitations period," since it effectively "restore[s] the pendency of the direct appeal." The *Jimenez v. Quarterman* exception is inapplicable here because Petitioner's direct appeal period was never reopened. Therefore, the state court orders denying Petitioner's state habeas petition have no bearing on the timeliness of Petitioner's § 2254 claims.

Petitioner may also seek statutory tolling based on his argument that he was not properly notified about his projected release date and transition from incarceration to parole. *See* 28 U.S.C. § 2244(d)(1)(B). Section 2244(d)(1)(B) requires a state prisoner to file his federal habeas petition within one year of "the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B); *see Corson v. Colorado*, 722 Fed. App'x 831, 834 (10th Cir. 2018) (noting that § 2244(d)(1)(B) "relates to an impediment that prevents the filing of a federal court action") (citation omitted). To take advantage of § 2244(d)(1)(B), a petitioner must "allege specific facts that demonstrate how [the state action] … impeded his ability to file a federal habeas petition." *Weibley*, 50 Fed. App'x at 403. For example, the petitioner must show that the state action prevented the petitioner from filing a federal petition, rather than just discouraging the petitioner from filing the petition. *See, e.g., United States v. Thody*, 460 Fed. App'x 776, 780-81 (10th Cir. 2012) (rejecting statutory tolling argument where the petitioner was not prevented from filing a habeas petition, although he thought it would be useless because of a detainer). Statutory tolling under § 2244(d)(1)(B) can apply "when the State thwarts a prisoner's access to the courts … by denying an inmate access to his legal materials

or a law library." *Aragon v. Williams*, 819 Fed. App'x 610, 613 (10th Cir. 2020). The lack of access, however, "must have actually prevented the inmate from filing his application." *Id.* (declining to apply tolling and noting that the "fact that Petitioner did not inquire into the nature of his sentences or conduct legal research until [after the one-year period] is not attributable to the state").

Petitioner here fails to explain how lack of notice of his release date or transition from incarceration to parole affected his ability to timely file his habeas petition. The Tenth Circuit has explained that the "fact that Petitioner did not inquire into the nature of his sentences or conduct legal research until [after the one-year period] is not attributable to the state." *Aragon*, 819 Fed. App'x at 613. Indeed, in November 2020 Petitioner initiated a § 2254 petition in this Court relating to his conviction in Case No. D-307-CR-2012-0287, which demonstrates Petitioner's ability to pursue habeas claims despite his arguments regarding notice of his release date or parole status. *See Oropeza v. State of New Mexico*, 2:20-cv-1235 KWR/KK. The Court, therefore, concludes that Petitioner has not alleged a state action that prevented him from filing a federal habeas petition.

For the foregoing reasons, the Court finds Petitioner's Response to the show-cause Order does not establish grounds for equitable or statutory tolling. The one-year limitations period expired November 14, 2019, and Petitioner's May 1, 2024 § 2254 Petition is time-barred.

**C.     "Cause and Prejudice" Standard to Overcome a Procedural Default**

Petitioner may also be alleging there is "cause and prejudice" to overcome the procedural default. *See* (Doc. 7). Specifically, he appears seek to overcome any procedural default based on errors in the state court's order dismissing his state habeas corpus petitions. *Id.*

A procedural default occurs when the state court has rejected a habeas claim based on a state procedural rule, rather than on the merits. *See Tryon v. Quick*, 81 F.4th 1110, 1139 (10th Cir. 2023).[3] The cause-and-prejudice standard is generally only applicable where federal habeas claims are procedurally defaulted, *i.e.*, where the claim was dismissed (or is subject to dismissal) based on the failure to comply with a *state* rule. *See Waliallah v. Meyer,* 2023 WL 6141137, at *2 (10th Cir. Sept. 20, 2023) (describing a situation where a petitioner "would be procedurally barred from exhausting [a Section 2254 claim] in state court and cannot demonstrate cause and prejudice to excuse the procedural default").

This Court is not relying on a state procedural rule to dismiss the Petition. Rather, the Court is applying the *federal* statute of limitations to Petitioner's case, and the federal time-bar cannot be overcome by satisfying the "cause and prejudice" standard applicable to a procedural default. *See United States v. Robinson*, 762 Fed. App'x 571, 576 (10th Cir. 2019) (Courts "have uniformly rejected the proposition that … [a] procedural-default exception pertains to a petition's timeliness."); *Arthur v. Thomas*, 739 F.3d 611, 630 (11th Cir. 2014) ("[A] procedural default … does not apply to AEDPA's statute of limitations or the tolling of that period."); *Shank v. Vannoy*, 2017 WL 6029846, at *2 (5th Cir. Oct. 26, 2017) (Establishing cause and prejudice "excuses procedural default … not … late filing."); *Taylor v. Eppinger*, 2017 WL 5125666, at *2 (6th Cir. June 2, 2017) ("[P]rocedural default … is inapplicable here, where the limitations period is at

---

[3] Petitioners outside of New Mexico can also encounter an anticipatory bar, which refers to an "unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it." *Id.* (citing *Anderson v. Sirmons*, 476 F.3d 1131, 1139 n.7 (10th Cir. 2007)).

issue[.]"); *Bland v. Superintendent Greene SCI*, 2017 WL 3897066, at *1 (3d Cir. Jan. 5, 2017) (same).

### D. Actual Innocence Gateway

"[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar [or] ... expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). "Actual innocence" in this context "means factual innocence, not mere legal insufficiency." *Bousley v. U.S.*, 523 U.S. 614, 623 (1998). "Th[e] actual innocence exception is rare and will only be applied in the extraordinary case." *Lopez v. Trani*, 628 F.3d 1228, 1231 (10th Cir. 2010) (citation omitted). To take advantage of the "actual innocence" exception, a habeas petitioner must "present[] evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error … ." *Schlup v. Delo*, 513 U.S. 298, 316 (1995). The petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* at 324. This new evidence must be sufficient to "show that it is more likely than not that no reasonable juror would have convicted [the petitioner] in light of the new evidence." *Id.* at 327; *see also House v. Bell,* 547 U.S. 518, 536-37 (2006) (discussing the showing necessary under the "actual innocence" exception). "Simply maintaining one's innocence" and "casting doubt on witness credibility" do not establish actual innocence. *Frost v. Pryor*, 749 F.3d 1212, 1232 (10th Cir. 2014).

Petitioner here states he is "actually innocent of the crime (late filing) of which he was convicted (having petition of November 7, 2023 being considered outside the scope of Rule 5-

13

801).") (Doc. 7) at 11. He argues that his state habeas petitions should be considered timely because NMCD failed to provide him quarterly good time sheets that would have alerted him to his release date, and that he filed his state habeas petitions prior to receiving the "Final Order of Discharge Bond." *Id.* at 11-12. The actual innocence gateway pertains to a petitioner's underlying conviction—not whether a state habeas petition was timely filed. Petitioner does not present any evidence regarding his underlying conviction, nor does he explicitly deny the underlying conduct. His arguments cannot be used to invoke the exception because they relate to alleged legal defects, rather than factual innocence. *See Bousley v. United States*, 523 U.S. 614, 623 (1998) ("[A]ctual innocence means factual innocence, not mere legal insufficiency."). Accordingly, Petitioner fails to establish actual innocence. *See, e.g., Sandoval v. Jones*, 447 Fed. App'x 1, 4 (10th Cir. 2011) (rejecting actual innocence claim that is not supported by "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence").

### III.   CONCLUSION AND CERTIFICATE OF APPEALABILITY

In sum, the Court concludes that Petitioner's Response to the Order to Show Cause does not establish grounds for tolling. The one-year limitations period expired on November 14, 2019, and the federal habeas proceeding filed on May 1, 2024 is time-barred. Therefore, the Court must dismiss the Petition (Doc. 1) with prejudice regarding Petitioner's challenge to his 2017 conviction in Case No. D-307-CR-2014-1057. The Court will deny a certificate of appealability under Habeas Corpus Rule 11, as the time-bar is not reasonably debatable in this case. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability can only issue where "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong").

In addition, it appears Petitioner may intend to challenge the execution of his sentence under § 2241 based on arguments he raises regarding his release date and good time credits. If that is the case, Petitioner must file a separate action under § 2241, so the Court will mail Petitioner a § 2241 form. *See Yellowbear v. Wyoming Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008) ("Section § 2241 is a vehicle ... for attacking the execution of a sentence."); *Hale v. Fox*, 829 F.3d 1162, 1165 n.2 (10th Cir. 2016) (noting § 2241 is the appropriate vehicle for challenging calculation of good-time credits); *see also Craig v. United States*, 844 Fed. App'x 96, 96 (10th Cir. 2021) (explaining "there is no statute of limitations for petitions invoking § 2241").

**IT IS THEREFORE ORDERED** that Petitioner Oscar Oropeza's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254, filed May 1, 2024 (**Doc. 1**) is **DISMISSED with prejudice** as time-barred; a certificate of appealability is **DENIED**; and a separate judgment will be entered closing the civil case.

**IT IS FURTHER ORDERED** that the Clerk's Office shall **MAIL** Petitioner a blank § 2241 habeas petition and a blank motion to proceed *in forma pauperis*, should he wish to pursue such relief.

_____
HON. DAVID URIAS
UNITED STATES DISTRICT JUDGE